# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>ESO RAZIC, a/k/a Esad Razic, a/k/a Brico,<br><br>        Defendant. | No. 18-CV-1001-MWB<br><br>**ORDER** |

_____

      Before the Court is the unopposed motion to modify scheduling order deadlines. Doc. 34. The motion states that the parties have conferred and seek a partial modification of the scheduling order deadlines because of depositions required of two fact witnesses at the U.S. Embassy in Sarajevo, Bosnia Herzegovina, and due to conflicts with defense counsel's schedule given pending trials which necessitate depositions in Cairo, Egypt, and witness meetings in Ukraine, Poland, and England.

      A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). *See also* Local Rule 16(f) ("A motion to extend a scheduling order deadline must demonstrate good cause for the requested extension and also must contain the following: (1) A description of the discovery not completed; (2) A description of the discovery that has been completed; (3) An explanation of why all discovery cannot be completed by the existing deadline; (4) A statement of when discovery will be completed; and (5) The current trial date and a statement of whether the moving party believes the requested extension will affect any scheduled trial date."). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d. 604, 609 (9th Cir. 1992)). In ruling on motions to extend deadlines and

continue trials, the court is guided by Rule 1 of the Federal Rules of Civil Procedure, which requires the court and the parties to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. *See Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994) (holding that adherence to reasonable deadlines is critical to maintaining integrity of court proceedings).

Upon a review of the docket and pleadings, the Court finds, for the reasons stated in the motion (Doc. 34), good cause to extend the deadline. A previous request to extend scheduling order deadlines was granted at Doc. 31.

**IT IS ORDERED** for good cause that Defendant's unopposed motion to modify scheduling order deadlines (Doc. 34) is **granted**. The following deadlines shall now govern this case:

| | |
|---|---|
| Completion of Discovery | January 18, 2019 |
| Dispositive Motions | February 15, 2019 |
| Trial Ready Date | July 15, 2019 |
| Final Pretrial Conference | No change (July 16, 2019) |
| Bench Trial | No change (July 29, 2019) |

As stated above, the final pretrial conference (July 16, 2019) and bench trial (July 29, 2019) remain as previously scheduled. Doc. 16.

**IT IS SO ORDERD** this 26th day of October, 2018.

*/s/ Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa